UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT HAYES, | ) | Case No. CV 12-7400 JC |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| Defendant. | ) | |

## I.    SUMMARY

On September 4, 2012, plaintiff Robert Hayes ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits.  The parties have consented to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion").  The Court has taken both motions under submission without oral argument.  See Fed. R. Civ. P. 78; L.R. 7-15; September 5, 2012 Case Management Order ¶ 5.

///

1

1    Based on the record as a whole and the applicable law, the decision of the

2    Commissioner is AFFIRMED.  The findings of the Administrative Law Judge

3    ("ALJ") are supported by substantial evidence and are free from material error.[1]

4    **II.    BACKGROUND AND SUMMARY OF ADMINISTRATIVE**

5    **DECISION**

6    On October 21, 2005, plaintiff filed an application for Supplemental

7    Security Income benefits which asserted that plaintiff became disabled on March

8    9, 2005.  (Administrative Record ("AR") 25, 67, 51).  The ALJ examined the

9    medical record and heard testimony from plaintiff (who was represented by

10   counsel) on June 14, 2007.  (AR 878-92).  On July 18, 2007, the ALJ determined

11   that plaintiff was not disabled through the date of the decision.  (AR 67-71).

12   On June 25, 2009, the Appeals Council granted review, vacated the ALJ's

13   July 18, 2007 decision, and remanded the matter for further administrative

14   proceedings.  (AR 25, 95-98).  On June 16, 2010, the ALJ again examined the

15   medical record and also heard testimony from plaintiff (who was represented by

16   counsel), a medical expert and a vocational expert.  (AR 893-906).

17   On July 9, 2010, the ALJ again determined that plaintiff was not disabled

18   through the date of the decision.  (AR 25-35).  Specifically, the ALJ found:

19   (1) plaintiff suffered from the following severe impairments:  back pain, diabetes,

20   hypertension, anxiety, obesity, depression and bipolar disorder (AR 27);

21   (2) plaintiff's impairments, considered singly or in combination, did not meet or

22   medically equal a listed impairment (AR 28); (3) plaintiff retained the residual

23   functional capacity to perform a full range of light work (20 C.F.R. §416.967(b))

24   (AR 29); (4) plaintiff could not perform his past relevant work (AR 34); (5) there

25   

26   ───────────────

[1]The harmless error rule applies to the review of administrative decisions regarding

27   disability.  See Molina v. Astrue, 674 F.3d 1104, 1115-22 (9th Cir. 2012) (discussing contours of
application of harmless error standard in social security cases) (citing, *inter alia*, Stout v.

28   Commissioner, Social Security Administration, 454 F.3d 1050, 1054-56 (9th Cir. 2006)).

1    are jobs that exist in significant numbers in the national economy that plaintiff

2    could perform (AR 35); and (6) plaintiff's allegations regarding his limitations

3    were not credible to the extent they were inconsistent with the ALJ's residual

4    functional capacity assessment (AR 30).

5        The Appeals Council denied plaintiff's application for review.  (AR 6, 11).

6    **III.   APPLICABLE LEGAL STANDARDS**

7        **A.   Sequential Evaluation Process**

8        To qualify for disability benefits, a claimant must show that the claimant is

9    unable "to engage in any substantial gainful activity by reason of any medically

10   determinable physical or mental impairment which can be expected to result in

11   death or which has lasted or can be expected to last for a continuous period of not

12   less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012)

13   (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted).  The

14   impairment must render the claimant incapable of performing the work claimant

15   previously performed and incapable of performing any other substantial gainful

16   employment that exists in the national economy.  Tackett v. Apfel, 180 F.3d 1094,

17   1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

18       In assessing whether a claimant is disabled, an ALJ is to follow a five-step

19   sequential evaluation process:

20       (1)   Is the claimant presently engaged in substantial gainful activity?  If

21             so, the claimant is not disabled.  If not, proceed to step two.

22       (2)   Is the claimant's alleged impairment sufficiently severe to limit

23             the claimant's ability to work?  If not, the claimant is not

24             disabled.  If so, proceed to step three.

25       (3)   Does the claimant's impairment, or combination of

26             impairments, meet or equal an impairment listed in 20 C.F.R.

27             Part 404, Subpart P, Appendix 1?  If so, the claimant is

28             disabled.  If not, proceed to step four.

(4)     Does the claimant possess the residual functional capacity to
        perform claimant's past relevant work?  If so, the claimant is
        not disabled.  If not, proceed to step five.

(5)     Does the claimant's residual functional capacity, when
        considered with the claimant's age, education, and work
        experience, allow the claimant to adjust to other work that
        exists in significant numbers in the national economy?  If so,
        the claimant is not disabled.  If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th
Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920); see also Molina, 674 F.3d at
1110 (same).

        The claimant has the burden of proof at steps one through four, and the
Commissioner has the burden of proof at step five.  Bustamante v. Massanari, 262
F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch
v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of
proving disability).

        **B.      Standard of Review**

        Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of
benefits only if it is not supported by substantial evidence or if it is based on legal
error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir.
2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457
(9th Cir. 1995)).  Substantial evidence is "such relevant evidence as a reasonable
mind might accept as adequate to support a conclusion."  Richardson v. Perales,
402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a
mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing
Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

        To determine whether substantial evidence supports a finding, a court must
"'consider the record as a whole, weighing both evidence that supports and

1 evidence that detracts from the [Commissioner's] conclusion.'" <u>Aukland v.</u>
2 <u>Massanari</u>, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting <u>Penny v. Sullivan</u>, 2 F.3d
3 953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming
4 or reversing the ALJ's conclusion, a court may not substitute its judgment for that
5 of the ALJ.  <u>Robbins</u>, 466 F.3d at 882 (citing <u>Flaten</u>, 44 F.3d at 1457).

6 **IV.  DISCUSSION**

7      Plaintiff contends that a reversal or remand is warranted because the ALJ
8 failed properly to evaluate the opinions of Dr. Roger M. Samawi, plaintiff's
9 treating physician.  (Plaintiff's Motion at 4-9).  As discussed in detail below,
10 plaintiff is not entitled to a reversal or remand on this basis.

11      **A.  Pertinent Law**

12      In Social Security cases, courts employ a hierarchy of deference to medical
13 opinions depending on the nature of the services provided.  Courts distinguish
14 among the opinions of three types of physicians:  those who treat the claimant
15 ("treating physicians") and two categories of "nontreating physicians," namely
16 those who examine but do not treat the claimant ("examining physicians") and
17 those who neither examine nor treat the claimant ("nonexamining physicians").
18 <u>Lester v. Chater</u>, 81 F.3d 821, 830 (9th Cir. 1996) (footnote reference omitted).  A
19 treating physician's opinion is entitled to more weight than an examining
20 physician's opinion, and an examining physician's opinion is entitled to more
21 weight than a nonexamining physician's opinion.[2]  <u>See id</u>.  In general, the opinion
22 of a treating physician is entitled to greater weight than that of a non-treating
23 physician because the treating physician "is employed to cure and has a greater
24 opportunity to know and observe the patient as an individual."  <u>Morgan v.</u>

25 _____

26      [2]<u>Cf.</u> <u>Le v. Astrue</u>, 529 F.3d 1200, 1201-02 (9th Cir. 2008) (not necessary or practical to
27 draw bright line distinguishing treating physicians from non-treating physicians; relationship is
better viewed as series of points on a continuum reflecting the duration of the treatment
28 relationship and frequency and nature of the contact) (citation omitted).

1 | Commissioner of Social Security Administration, 169 F.3d 595, 600 (9th Cir.

2 | 1999) (citing Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987)).

3 | 　　　The treating physician's opinion is not, however, necessarily conclusive as

4 | to either a physical condition or the ultimate issue of disability. Magallanes v.

5 | Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citing Rodriguez v. Bowen, 876 F.2d

6 | 759, 761-62 & n.7 (9th Cir. 1989)). Where a treating physician's opinion is not

7 | contradicted by another doctor, it may be rejected only for clear and convincing

8 | reasons. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007) (citation and internal

9 | quotations omitted). The ALJ can reject the opinion of a treating physician in

10 | favor of another conflicting medical opinion, if the ALJ makes findings setting

11 | forth specific, legitimate reasons for doing so that are based on substantial

12 | evidence in the record. Id. (citation and internal quotations omitted); Thomas v.

13 | Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) (ALJ can meet burden by setting out

14 | detailed and thorough summary of facts and conflicting clinical evidence, stating

15 | his interpretation thereof, and making findings) (citations and quotations omitted);

16 | Magallanes, 881 F.2d at 751, 755 (same; ALJ need not recite "magic words" to

17 | reject a treating physician opinion – court may draw specific and legitimate

18 | inferences from ALJ's opinion). "The ALJ must do more than offer his

19 | conclusions." Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988). "He must

20 | set forth his own interpretations and explain why they, rather than the

21 | [physician's], are correct." Id. "Broad and vague" reasons for rejecting the

22 | treating physician's opinion do not suffice. McAllister v. Sullivan, 888 F.2d 599,

23 | 602 (9th Cir. 1989).

24 | 　　**B.   Analysis**

25 | 　　　Plaintiff contends that the ALJ improperly rejected the opinions expressed

26 | by Dr. Samawi in two physical residual functional capacity questionnaires dated,

27 | respectively, June 29, 2007 and April 13, 2010 – specifically, that due to his

28 | impairments, plaintiff was essentially unable to perform even sedentary work on a

6

full time basis (collectively "Dr. Samawi's Opinions"). (Plaintiff's Motion at 6-9) (citing AR 820-27). The Court concludes that a remand or reversal is not warranted on this basis because the ALJ properly rejected Dr. Samawi's Opinions for clear and convincing, specific and legitimate reasons supported by substantial evidence.

First, with respect to Dr. Samawi's opinions in the June 29, 2007 questionnaire that plaintiff had significant functional limitations in part due to daily low back pain with radiculopathy (AR 322, 818), as the ALJ accurately noted, such opinions conflict with and are unsupported by Dr. Samawi's own treatment notes from the preceding few months which reflect that plaintiff had "denie[d] pain," that plaintiff was "doing well," and that physical examinations of plaintiff had essentially been normal. (AR 31) (citing Exhibit 17F at 2-6 [AR 307-11]). As the ALJ noted, the record does not contain evidence which suggests that plaintiff's condition worsened between Dr. Samawi's treatment of plaintiff in December 2006 to May 2007 and the June 2007 questionnaire. (AR 31). To the extent the ALJ rejected Dr. Samawi's Opinions due to such conflict, the ALJ properly did so for clear and convincing reasons based on substantial evidence. See Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (A discrepancy between a physician's notes and recorded observations and opinions and the physician's assessment of limitations is a clear and convincing reason for rejecting the opinion.).

Second, the ALJ also properly rejected Dr. Samawi's Opinions because they were otherwise not supported by the physician's own notes or the record as a whole. See Bayliss, 427 F.3d at 1217 ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.") (citation and internal quotation marks omitted); Connett v. Barnhart, 340 F.3d 871, 875 (9th Cir. 2003) (treating physician's opinion properly rejected where treating physician's treatment notes

7

1    "provide no basis for the functional restrictions he opined should be imposed on

2    [the claimant]").  For example, as the ALJ noted, contrary to Dr. Samawi's opinion

3    that plaintiff suffered from disabling symptoms including low back pain, an MRI

4    of plaintiff's back revealed only mild facet arthropathy and normal disc without

5    nerve root impingement or stenosis at L3-L4, moderate facet arthropathy and

6    normal disc without pathologic disc bulging, herniation or stenosis at L4-L5, and

7    only mild facet arthropathy with normal disc without pathologic bulging,

8    herniation, or stenosis.  (AR 31) (citing Exhibit 17 F at 9 [AR 314]).  Moreover, as

9    the ALJ noted, Dr. Samawi's treatment records also reflect normal examinations of

10   plaintiff and that plaintiff's treatment was "essentially routine and/or conservative

11   in nature."  (AR 31) (citing Exhibit 17F at 2-6 [AR 307-11]).  In addition,

12   although Dr. Samawi opined that plaintiff had marked limitations in the ability to

13   deal with work stress, Dr. Samawi's treatment notes reflect that plaintiff's

14   symptoms appeared well controlled by medication, and that plaintiff had not

15   received any mental health treatment other than medication (*i.e.*, therapy).  (AR

16   34) (citing Exhibit 26F at 3 [AR 439]).  As the ALJ noted, the record reflects that

17   plaintiff cancelled or failed to show up for several scheduled psychiatric

18   appointments.  (AR 34) (citing Exhibit 22F at 3, 6 [AR 407, 410]).  Plaintiff's

19   failure to seek or be prescribed more aggressive treatment supported the ALJ's

20   rejection of Dr. Samawi's Opinions.  See Rollins v. Massanari, 261 F.3d 853, 856

21   (9th Cir. 2001) (ALJ properly rejected a treating physician's opinion who

22   prescribed conservative treatment and where the plaintiff's activities and lack of

23   complaints were inconsistent with the physician's disability assessment).  To the

24   extent plaintiff disagrees with the ALJ's interpretation of the medical evidence,

25   the Court will not second-guess the ALJ's reasonable conclusions.

26         Third, although plaintiff asserts that treatment notes from the St. Mary

27   Medical Center reflect plaintiff's "continued complaints of back pain" (Plaintiffs

28   Motion at 6) (citing AR 446-547), the ALJ properly rejected Dr. Samawi's

Opinions to the extent they were based on such subjective complaints which the ALJ also discredited.[3]  (AR 30-31); see, e.g., Bayliss, 427 F.3d at 1217 (ALJ properly rejected opinion of treating physician which was based solely on subjective complaints of claimant and information submitted by claimant's family and friends).

Fourth, the ALJ properly rejected Dr. Samawi's Opinions in favor of the conflicting opinions of the state-agency examining physician, Dr. John Sedgh (who determined that plaintiff could lift, carry, sit, stand and walk without limitation) (AR 256), and the medical expert, Dr. Barbara Felkins (who reviewed the record medical evidence and testified that plaintiff would be able to do "light work") (AR 897).  The opinion of Dr. Sedgh was supported by his independent examination of plaintiff (AR 253-55), and thus, even without more, constituted substantial evidence upon which the ALJ could properly rely to reject the treating physician's opinions.  See, e.g., Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (consultative examiner's opinion on its own constituted substantial evidence, because it rested on independent examination of claimant); Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995).  Dr. Felkins' testimony also constituted substantial evidence supporting the ALJ's decision since it was supported by the other medical evidence in the record as well as Dr. Sedgh's opinion and underlying independent examination.  See Morgan, 169 F.3d at 600 (testifying medical expert opinions may serve as substantial evidence when "they are supported by other evidence in the record and are consistent with it").

Finally, contrary to plaintiff's suggestion, the ALJ did not fail in his duty to develop the record by not recontacting Dr. Samawi to obtain additional evidence to support the treating physician's opinions.  (Plaintiff's Motion at 6-7).  Although

---

[3]Plaintiff does not challenge the ALJ's determination that plaintiff's allegations regarding his limitations were not credible to the extent they were inconsistent with the ALJ's residual functional capacity assessment.

9

1    plaintiff bears the burden of proving disability, the ALJ has an affirmative duty to

2    assist a claimant in developing the record "when there is ambiguous evidence or

3    when the record is inadequate to allow for proper evaluation of the evidence."

4    Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001) (citation omitted);

5    Bustamante, 262 F.3d at 954; see also Webb v. Barnhart, 433 F.3d 683, 687 (9th

6    Cir. 2005) (ALJ has special duty fully and fairly to develop record and to assure

7    that claimant's interests are considered). Here, Dr. Samawi's physical residual

8    functional capacity questionnaires essentially contained check-box opinions with

9    little explanation of the bases for the opinions. The ALJ had no obligation to

10   recontact Dr. Samawi before rejecting such conclusory opinions. See De Guzman

11   v. Astrue, 343 Fed. Appx. 201, 209 (9th Cir. 2009)[4] (ALJ has no obligation to

12   recontact physician to determine the basis for opinions expressed in "check-off

13   reports that d[o] not contain any explanation of the bases of their conclusions.")

14   (citation and internal quotation marks omitted). Even so, the ALJ did not find that

15   the record as a whole was ambiguous or inadequate to permit a determination of

16   plaintiff's disability. To the contrary, the ALJ properly relied on the opinions of

17   Drs. Sedgh and Felkins which, as noted above, constituted substantial evidence

18   that plaintiff was not disabled. Therefore, even assuming Dr. Samawi's Opinions

19   were themselves inadequate to allow the ALJ to determine the basis therefor, the

20   ALJ did not err in failing to seek clarification. See Bayliss, 427 F.3d at 1217 (no

21   duty to recontact where other evidence in record is adequate for ALJ to reach a

22   disability determination).

23          Accordingly, a remand or reversal on this basis is not warranted.

24   ///

25   ///

26

27 _____

28          [4]Courts may cite unpublished Ninth Circuit opinions issued on or after January 1, 2007.
     See U.S. Ct. App. 9th Cir. Rule 36-3(b); Fed. R. App. P. 32.1(a).

## V.     CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is affirmed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:    January 29, 2013

_____
/s/
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

11